## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ALA Holdings, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. |
| | ) |
| (1) DMD-Offroad, LLC | ) |
| an Oklahoma corporation, | ) |
| | ) |
| Defendant. | ) |

### PLAINTIFF'S COMPLAINT

Plaintiff ALA Holdings LLC ("Plaintiff"), for its complaint against Defendant DMD-Offroad LLC ("Defendant"), states as follows:

### THE PARTIES

1. Plaintiff is a New York limited liability company doing business at 53 Glenbrook Court, Clifton Park, New York 12065.

2. Upon information and belief, Defendant is an Oklahoma liability company with a principal place of business of 5183 S. Ladd Avenue, Purcell, Oklahoma 73080.

### JURISDICTION AND VENUE

3. This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284-285. This Court has original subject matter jurisdiction over this patent infringement action pursuant to 28 U.S.C. § 1331 and § 1338(a).

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant: 1) is incorporated under the laws of the State of Oklahoma, 2) resides in this District, 3) has committed acts of patent infringement in this District, 4) engages in other

1

persistent courses of conduct and, upon information and belief, derives substantial revenue from products and/or services provided to individuals in this District, and 5) has purposefully established minimum contacts with the State of Oklahoma.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), (c), and (d) as well as § 1400(b) because, *inter alia*, a substantial part of the events giving rise to the claims are believed to have occurred in this District including, but not limited to, Defendant's actions in making, using, offering to sell, and/or selling of an infringing device.

## STATEMENT OF FACTS

**The Asserted Patents**

6. On October 20, 2015, the United States Patent and Trademark Office issued U.S. Patent No. 9,162,705 ("the '705 patent").

7. A true and correct copy of the '705 patent is attached as Exhibit 1.

8. On December 19, 2017, the United States Patent and Trademark Office issued U.S. Patent No. 9,844,992 ("the '992 patent").

9. A true and correct copy of the '992 patent is attached as Exhibit 2.

10. The '705 patent and the '992 patent are referred to together as "the Asserted Patents").

11. Plaintiff is the owner of all right, title and interest in and to the '705 patent and the '992 patent following a February 9, 2017 assignment from the inventor of the Asserted Patents, Aaron Aldrich, to Plaintiff.

12. Representative independent claim 1 of the '705 Patent recites:

A vehicle comprising:

at least two wheels, a frame; and

an adjustable suspension mount linkage including:

a first mount link pivotally attached to a mount feature and extending to a device used to support a load on a first wheel, the first mount link pivotally attached to the device, wherein the mount feature is attached to or integrated into the frame of the vehicle; and

a second mount link pivotally attached to at least one of the mount feature and a second mount feature, the second mount link extending to the first mount link, the second mount link pivotally attached to the first mount link;

wherein the first mount link and the second mount link rotate between a raised position and a lowered position, wherein the frame is raised relative to the device in the raised position relative to the lowered position, and wherein the device remains vertical relative to the frame in each of the raised position and the lowered position, wherein at least one of the first mount link and the second mount link is telescopic.

13. Representative independent claim 15 of the '705 Patent recites:

An adjustable suspension mount system comprising:

a first mount link pivotally attached to a mount feature and extending to a device used to support a load on a first wheel, the first mount link pivotally attached to the device, wherein the mount feature is attached to or integrated into a frame of a vehicle; and

a second mount link pivotally attached to at least one of the mount feature and a second mount feature, the second mount link extending to the first mount link, the second mount link pivotally attached to the first mount link;

wherein the first mount link and the second mount link rotate between a raised position and a lowered position, wherein the frame is raised relative to the device in the raised position relative to the lowered position, and wherein the device remains vertical relative to the frame in each of the raised position and the lowered position, wherein at least one of the first mount link and the second mount link is telescopic.

14. Representative independent claim 1 of the '992 Patent recites:

A vehicle comprising:

at least two wheels, a frame; and

an adjustable suspension mount linkage including:

a first mount link pivotally attached to a mount feature and extending to a device used to support a load on a first wheel, the first mount link pivotally attached to the device, wherein the mount feature is attached to or integrated into the frame of the vehicle; and

a second mount link pivotally attached to at least one of the mount feature and a second mount feature that is attached to or integrated into the frame of the vehicle, the second mount link extending to the first mount link, the second mount l

ink pivotally attached to the first mount link;

wherein the first mount link or the second mount link comprises a hydraulic cylinder; and

4

wherein the first mount link and the second mount link rotate between a raised position and a lowered position, wherein the frame is raised relative to the device in the raised position relative to the lowered position, and wherein the device remains vertical relative to the frame in each of the raised position and the lowered position.

15. Representative independent claim 12 of the '992 Patent recites:

An adjustable suspension mount system comprising:

a first mount link pivotally attached to a mount feature and extending to a device used to support a load on a first wheel, the first mount link pivotally attached to the device, wherein the mount feature is attached to or integrated into a frame of a vehicle; and

a second mount link pivotally attached to at least one of the mount feature and a second mount feature that is attached to or integrated into the frame of the vehicle, the second mount link extending to the first mount link, the second mount link

pivotally attached to the first mount link;

wherein the first mount link or the second mount link includes a hydraulic cylinder; and

wherein the first mount link and the second mount link rotate between a raised position and a lowered position, wherein the frame is raised relative to the device in the raised position relative to the lowered position, and wherein the device remains vertical relative to the frame in each of the raised position and the lowered position.

**The Infringing Device**

16. On or about April 15, 2025, Plaintiff became aware of Defendant infringing the Asserted Patents.

17. Specifically, Plaintiff became aware of Defendant making, using, selling and/or offering to sell a modified vehicle (hereinafter referred to as "the Infringing Device").

18. The Infringing Device was displayed on social media, for example, on social media accounts associated with Defendant as well as on social media accounts associated with third parties.

19. An exemplary social media post showing the Infringing Device is found at https://www.facebook.com/josh.flowers.31945/videos/530752403170204/?fs=e&rdid=oz859tRK6Zg8qsWa, a true and correct image of which is attached as Exhibit 3.

20. Upon information and belief, the Infringing Device is a modified Dodge Ram 3500 truck that was modified by Defendant and sold to a third party.

21. The Infringing Device infringes at least independent claims 1 and 15 of the '705 Patent for at least the reasons identified in the '705 Claim Chart attached as Exhibit 4 and incorporated herein.

22. The Infringing Device infringes at least independent claims 1 and 12 of the '992 Patent for at least the reasons identified in the '992 Claim Chart attached as Exhibit 5 and incorporated herein.

23. Upon learning of the Infringing Device, Plaintiff contacted Defendant notifying Defendant of Plaintiff's rights and demanded that Defendant cease and desist.

24. On April 18, 2025, Plaintiff sent a letter to Defendant notifying Defendant that the Infringing Device infringes the '992 patent and demanding that Defendant cease and desist from the same; however, Defendant refused.

## COUNT I
## Infringement of the '705 Patent

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant infringes and has infringed one or more claims of the '705 patent by making, using, selling and/or offering for sale within the United States, and/or importing into the United States, products and systems covered by one or more claims of the '705 patent, including (without limitation) claims 1 and 12.

27. Upon information and belief, Defendant became aware of the '705 patent following Plaintiff's April 18, 2025 demand. At a minimum, this action makes Defendant aware of the '705 patent.

28. Defendant induces and/or has induced infringement of one or more claims of the '705 patent by inducing others such as its customers to make, use, sell and/or offer for sale within the United States, products covered by one or more claims of the '705 patent (including (without limitation) claims 1 and 15), with the intent and knowledge that such third parties commit such acts of direct infringement.

29. Defendant contributorily infringes one or more claims of the '705 patent by offering and selling products and/or components knowing they, alone or in combination with others, infringe one or more claims of the '705 patent, including (without limitation) claims 1 and 15.

30. Defendant's acts and omissions described above are without authority or license from Plaintiff.

31. Plaintiff has been and will continue to be damaged by Defendant's infringement in an amount to be determined at trial.

32. Plaintiff has suffered irreparable harm due to Defendant's infringement and will continue to suffer irreparable harm unless and until Defendant is enjoined by this Court.

## COUNT II
## Infringement of the '992 Patent

33. Plaintiff incorporates the preceding allegations by reference.

34. Defendant infringes and has infringed one or more claims of the '992 patent by making, using, selling and/or offering for sale within the United States, and/or importing into the United States, products and systems covered by one or more claims of the '992 patent, including (without limitation) claims 1 and 12.

35. Defendant was aware of the '992 patent prior to the filing of this Complaint by and through, at a minimum, Plaintiff's April 18, 2025 demand.

36. Defendant induces and/or has induced infringement of one or more claims of the '992 patent by inducing others such as its customers to make, use, sell and/or offer for sale within the United States, products covered by one or more claims of the '992 patent (including (without limitation) claims 1 and 12), with the intent and knowledge that such third parties commit such acts of direct infringement.

37. Defendant contributorily infringes one or more claims of the '992 patent by offering and selling products and/or components knowing they, alone or in combination with others, infringe one or more claims of the '992 patent, including (without limitation) claims 1 and 12.

38. Defendant's acts and omissions described above are without authority or license from Plaintiff.

39. Plaintiff has been and will continue to be damaged by Defendant's infringement in an amount to be determined at trial.

40. Plaintiff has suffered irreparable harm due to Defendant's infringement and will continue to suffer irreparable harm unless and until Defendant is enjoined by this Court.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.  A finding that Defendant has directly infringement one or more claims of the '705 patent under 35 U.S.C. § 271(a);

B.  A finding that Defendant has indirectly infringed one or more claims of the '705 patent under 35 U.S.C. § 271(b) or (c);

C.  A finding that Defendant has directly infringement one or more claims of the '992 patent under 35 U.S.C. § 271(a);

D.  A finding that Defendant has indirectly infringed one or more claims of the '992 patent under 35 U.S.C. § 271(b) or (c);

E.  Injunctive relief enjoining Defendant and its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with them, and all others aiding, abetting, or acting in concert or active participation therewith, from making, using, selling, offering to sell, or importing in the U.S. any product or system covered by any of the claims of the Asserted Patents or otherwise directly or indirectly infringing the Asserted Patents;

F.  Compensatory damages under 35 U.S.C. § 284 in an amount proven at trial, such damages being at least the amount of a reasonable royalty;

G.  A finding that Defendant's infringement is and/or was willful and exceptional and an award of attorneys' fees and litigation-related expenses under 35 U.S.C. § 285 and the Court's inherent authority;

H.  Pre-judgment and post-judgment interest;

I.  Costs of the action; and

J.  Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues properly tried to a jury.

/s/ Zachary A.P. Oubre
Michael J. LaBrie, OBA #16253
Zachary A.P. Oubre, OBA #30666
McAfee & Taft A Professional Corporation
8th Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, OK  73102
Telephone:    (405) 235-9621
Facsimile:     (405) 235-0439
mike.labrie@mcafeetaft.com
zach.oubre@mcafeetaft.com
**Attorneys for Plaintiff**

11