# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALA HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-25-678-G |
| | ) |
| DMD-OFFROAD, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff ALA Holdings, LLC's Motion for Default Judgment (Doc. No. 10), in which Plaintiff seeks entry of a default judgment against Defendant DMD-Offroad, LLC pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. No response to the Motion has been filed within the time allowed. For the reasons stated below, the Court finds that a default judgment should be entered.

### I. Background

Plaintiff initiated this action on June 18, 2025, seeking relief for Defendant's alleged patent infringement pursuant to 35 U.S.C. § 271. *See* Compl. (Doc. No. 1). Defendant was served with a summons and the Complaint on or about June 27, 2025. *See* Doc. No. 7. On October 10, 2025, after Plaintiff showed that Defendant had failed to answer or otherwise defend itself in this lawsuit, the Clerk entered Defendant's default pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default (Doc. No. 9).

Plaintiff now seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). *See* Pl.'s Mot. at 1-7; Aldrich Aff. ¶ 5 (Doc. No. 10-1).

## II. Relevant Standards

The entry of a default judgment "is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible. Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party." *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018) (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, Plaintiff is "relieved . . . from having to prove the complaint's factual allegations." *Tripodi*, 810 F.3d at 765; *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotation marks omitted)). Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

## III. Discussion

### A. Procedural Requirements

The record reflects that Defendant has failed to answer or plead, that default was entered by the Clerk, and that Plaintiff's Motion complies with Local Civil Rule 55.1. Accordingly, Plaintiff has satisfied the procedural requirements for entry of a default

2

judgment.  *See* Fed. R. Civ. P. 55(b); LCvR 55.1; *Tabb*, 2018 WL 3213622, at \*1.

### B.  *Plaintiff's Allegations*

The Complaint alleges that Plaintiff is a New York company who is the owner of both U.S. Patent No. 9,162,705 ("the '705 patent") and U.S. Patent No. 9,844,992 ("the '992 patent") (together, "the Asserted Patents").  *See* Compl. ¶¶ 1, 6-11; *id.* Exs. 1, 2 (Doc. Nos. 1-1, 1-2).  Broadly speaking, the Asserted Patents relate to aspects of certain adjustable suspension systems and certain adjustable suspension mount systems, which can be used "to adjust the ride height of a vehicle without significant effort."  Compl. Ex. 1, at 20; Compl. Ex. 2, at 20; *see* Compl. ¶¶ 12-15.

On or about April 15, 2025, Plaintiff became aware that Defendant, an Oklahoma company, was infringing the Asserted Patents.  Compl. ¶ 16.  Specifically, Defendant was making, using, selling and/or offering to sell a modified vehicle lift system (the "Infringing Vehicle"), which was a Dodge Ram 3500 truck modified by Defendant and sold to a third party.  *Id.* ¶¶ 17-20; *see* Compl. Ex. 3 (Doc. No. 1-3).  The Infringing Vehicle consists of or includes aspects of both the '705 patent and the '992 patent.  Compl. ¶¶ 21-22; *id.* Exs. 4, 5 (Doc. Nos. 1-4, 1-5).

The Infringing Vehicle infringes independent claim 1 of Plaintiff's '705 patent by including:

**1.**  a vehicle comprising:

at least two wheels, a frame; and

an adjustable suspension mount linkage including:

a first mount link pivotally attached to a mount feature and extending to a device used to support a load on a first wheel, the first mount link pivotally attached to the device, wherein the mount feature is attached to

or integrated into the frame of the vehicle; and

a second mount link pivotally attached to at least one of the mount feature and a second mount feature, the second mount link extending to the first mount link, the second mount link pivotally attached to the first mount link;

wherein the first mount link and the second mount link rotate between a raised position and a lowered position, wherein the frame is raised relative to the device in the raised position relative to the lowered position, and wherein the device remains vertical relative to the frame in each of the raised position and the lowered position, wherein at least one of the first mount link and the second mount link is telescopic.

Comp. Ex. 1 at 25; *see* Compl. ¶¶ 12, 21; *id.* Ex. 4, at 1-8.

The Infringing Vehicle infringes independent claim 15 of Plaintiff's '705 patent by including:

**15.** An adjustable suspension mount system comprising:

a first mount link pivotally attached to a mount feature and extending to a device used to support a load on a first wheel, the first mount link pivotally attached to the device, wherein the mount feature is attached to or integrated into a frame of a vehicle; and

a second mount link pivotally attached to at least one of the mount feature and a second mount feature, the second mount link extending to the first mount link, the second mount link pivotally attached to the first mount link;

wherein the first mount link and the second mount link rotate between a raised position and a lowered position, wherein the frame is raised relative to the device in the raised position relative to the lowered position, and wherein the device remains vertical relative to the frame in each of the raised position and the lowered position, wherein at least one of the first mount link and the second mount link is telescopic.

Compl. Ex. 1, at 26; *see* Compl. ¶¶ 13, 21; *id.* Ex. 4, at 9-17.

The Infringing Vehicle infringes independent claim 1 of Plaintiff's '992 patent by including:

**1.** A vehicle comprising:

4

at least two wheels, a frame; and

an adjustable suspension mount linkage including:

a first mount link pivotally attached to a mount feature and extending to a device used to support a load on a first wheel, the first mount link pivotally attached to the device, wherein the mount feature is attached to or integrated into the frame of the vehicle; and

a second mount link pivotally attached to at least one of the mount feature and a second mount feature that is attached to or integrated into the frame of the vehicle, the second mount link extending to the first mount link, the second mount link pivotally attached to the first mount link;

wherein the first mount link or the second mount link comprises a hydraulic cylinder; and

wherein the first mount link and the second mount link rotate between a raised position and a lowered position, wherein the frame is raised relative to the device in the raised position relative to the lowered position, and wherein the device remains vertical relative to the frame in each of the raised position and the lowered position.

Compl. Ex. 2, at 25; *see* Compl ¶¶ 14, 22; *id.* Ex. 5, at 1-8.

The Infringing Vehicle infringes independent claim 12 of Plaintiff's '992 patent by including:

**12.** An adjustable suspension mount system comprising:

a first mount link pivotally attached to a mount feature and extending to a device used to support a load on a first wheel, the first mount link pivotally attached to the device, wherein the mount feature is attached to or integrated into a frame of a vehicle; and

a second mount link pivotally attached to at least one of the mount feature and a second mount feature that is attached to or integrated into the frame of the vehicle, the second mount link extending to the first mount link, the second mount link pivotally attached to the first mount link;

wherein the first mount link or the second mount link includes a hydraulic cylinder; and

wherein the first mount link and the second mount link rotate between a raised position and a lowered position, wherein the frame is raised relative to the device in the raised position relative to the lowered position, and wherein the device remains vertical relative to the frame in

each of the raised position and the lowered position.

Compl. Ex. 2, at 26; *see* Compl. ¶¶ 15, 22; *id.* Ex. 5, at 9-17.

Upon learning of the Infringing Device, Plaintiff contacted Defendant, notifying Defendant of Plaintiff's rights and demanding that Defendant cease and desist; Defendant refused.  Compl. ¶¶ 23, 24.

### C.  Plaintiff's Motion for Default Judgment

Plaintiff alleges, and the Court concludes, that subject-matter jurisdiction lies in this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).  *See id.* ¶ 3; *see also Warming Trends, LLC v. Flame DesignZ, LLC*, No. 22-cv-00252, 2023 WL 196288, at *4, *6 (D. Colo. Jan. 17, 2023).  The Court further concludes that Plaintiff has adequately established that the Court may exercise personal jurisdiction over Defendant.  *See* Compl. ¶¶ 2, 4; *Hallmark Nat'l Ins. Co. v. N. Made Outlaws, LLC*, No. CIV-25-1183-R, 2026 WL 1078871, at *1-2 (W.D. Okla. Apr. 20, 2026).

Based upon the pleading allegations, Plaintiff claims that Defendant has directly and indirectly infringed one or more claims of the Asserted Patents.  *See* Compl. ¶¶ 25-40. Specifically, Plaintiff claims that Defendant infringes the Asserted Patents by: (1) "making, using, selling and/or offering for sale within the United States . . . products and systems covered by one or more claims of" the Asserted Patents; (2) inducing infringement of one or more claims of the Asserted Patents "by inducing others such as its customers to make, use, sell and/or offer for sale with the United States" "products covered by one or more claims of" the Asserted Patents "with the intent and knowledge that such third parties commit such acts of direct infringement"; and (3) contributorily infringing one or more

claims of the Asserted Patents "by offering and selling products and/or components knowing they, alone or in combination with others, infringe one or more claims of" the Asserted Patents. *Id.* ¶¶ 26, 28-29, 34, 36-37.

To establish direct patent infringement, a plaintiff must prove that the defendant without authority "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor." 35 U.S.C. § 271(a); *see SIPCO, LLC v. Jasco Prods. Co.*, No. CIV-19-709-PRW, 2022 WL 610192, at *2 & n.6 (W.D. Okla. Mar. 1, 2022). The plaintiff "must '(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked.'" *Warming Trends*, 2023 WL 196288, at *6 (quoting *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013)).

For indirect patent infringement, a plaintiff must prove that the defendant either "actively induces infringement of a patent" under 35 U.S.C. § 271(b) or is liable for "contributory infringement" under § 271(c). 35 U.S.C. § 271(b); *ArCzar, Inc. v. Navico, Inc.*, No. 11-CV-805, 2012 WL 3150815, at *4 (N.D. Okla. Aug. 2, 2012).

> To state a claim for induced infringement, the patent owner must allege facts supporting an inference first, that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.

*ArCzar*, 2012 WL 3150815, at *4 (internal quotation marks omitted). And to allege contributory infringement,

> the patent owner must state sufficient facts to support an inference "1) that there is direct infringement, 2) that the accused infringer had knowledge of

7

the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention."

*Id.* (quoting *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

Having considered the allegations of Complaint as summarized above, the Court determines that "'the unchallenged facts constitute a legitimate cause of action' such that a judgment should be entered" as to the claims of direct and indirect infringement. *Warming Trends*, 2023 WL 196288, at \*6 (quoting *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010)); *see ArCzar*, 2012 WL 3150815, at \*4; 35 U.S.C. § 271(a), (b), (c); Compl. ¶¶ 6-30, 33-38; *see also Mathiason*, 187 F. Supp. 3d at 1274.

### D.  Relief Sought by Plaintiff

In addition to finding that Defendant is liable for infringement, Plaintiff asks that the Court permanently enjoin Defendant from directly or indirectly infringing the Asserted Patents.  *See* Pl.'s Mot. at 4-7; Compl. ¶¶ 32, 40, p. 10; *see also* Fed. R. Civ. P. 54(c).[1]

The Supreme Court in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), explained that a plaintiff seeking a permanent injunction for patent infringement "must satisfy a four-factor test" and demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id.* at 391-92 (citing 35 U.S.C. § 283).  "The decision to grant or deny permanent injunctive

---

[1]  Although the Complaint additionally demanded statutory damages, interest, and attorney's fees, *see* Compl. at 10, Plaintiff's Motion seeks only injunctive relief.

relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." *Id.*

Plaintiff argues that each of these factors weighs in its favor, *see* Pl.'s Mot. at 4-7.

Irreparable Injury: "Where two companies are in competition against one another, the patentee suffers the harm—often irreparable—of being forced to compete against products that incorporate and infringe its own patented inventions." *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1345 (Fed. Cir. 2013). "Irreparable injury encompasses different types of losses that are often difficult to quantify, including lost sales and erosion in reputation and brand distinction." *Id.* at 1344. Similarly, "[p]rice erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm." *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012).

Defendant made, used, sold and/or offered for sale the Infringing Vehicle, in competition with but "without authority or license from" Plaintiff. Compl. ¶¶ 17-19, 30, 38. This conduct "has caused a loss of goodwill in the inventions that are the subject of the Asserted Patents in that consumers do not believe or understand that Plaintiff owns a patent exclusivity in products and systems like those advertised and sold by Defendant." Aldrich Aff. ¶ 5. The Court concludes that Defendant's conduct "constitutes irreparable harm to Plaintiff in form of loss of good will." *Otter Prods., LLC v. FreeCo, Inc.* No. 10-cv-02028, 2011 WL 1542150, at *3 (D. Colo. Apr. 25, 2011).

Insufficient Remedies Available at Law:  Because Defendant has failed to answer in this lawsuit, there is no evidence as to Defendant's ability to pay any award of money

9

damages. The Court therefore cannot find that Defendant would "stop infringing, or that the irreparable harms resulting from its infringement w[ould] otherwise cease," following entry of a damages award. *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1155-56 (Fed. Cir. 2011) ("A district court should assess whether a damage remedy is a meaningful one in light of the financial condition of the infringer before the alternative of money damages can be deemed adequate. While competitive harms theoretically can be offset by monetary payments in certain circumstances, the likely availability of those monetary payments helps define the circumstances in which this is so."); *cf.* Compl. ¶ 24 (alleging that Defendant "refused" to cease and desist its infringement). Further, courts have held that "[t]he loss of consumer goodwill caused by confusion over the source of the infringing [product]," the damage to the plaintiff's "reputation as an innovator," and "the invasion upon [the plaintiff's] right to exclude others" are "injuries that cannot be adequately remedied by a monetary award." *Otter Prods.*, 2011 WL 1542150, at *4. This factor likewise weighs in favor of Plaintiff's requested relief.

Balance of Hardships: Plaintiff has shown that Defendant has "avoided addressing concerns over its" infringing conduct and "has failed to participate in this litigation." *Id.*; *see* Compl. ¶ 24. Further, "Defendant will suffer little, if any injury from an injunction as it has no right to practice the Asserted Patents." Pl.'s Mot. at 6; *cf. i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010) ("[N]either commercial success, nor sunk development costs, shield an infringer from injunctive relief."). In "assess[ing] the relative effect of granting or denying an injunction on the parties," the balance of hardships favors Plaintiff. *Id.* at 862.

10

The Public Interest: Plaintiff's requested injunction is "narrow [in] scope," and the Court "perceive[s] no countervailing harm to the public in granting the requested injunctive relief." *Id.* at 863; *Otter Prods.*, 2011 WL 1542150, at *4 (internal quotation marks omitted). "[T]he public generally does not benefit when . . . competition comes at the expense of a patentee's investment-backed property right." *Apple Inc. v. Samsung Elecs. Co.*, 809 F.3d 633, 647 (Fed. Cir. 2015). This factor favors entry of an injunction.

Summary: Based upon the foregoing findings, the Court concludes that Plaintiff is entitled to the requested injunctive relief. *See eBay*, 547 U.S. at 391; 35 U.S.C. § 283.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment (Doc. No. 10) is GRANTED pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

A separate Default Judgment shall be entered.

IT IS SO ORDERED this 22nd day of July, 2026.

_____
CHARLES B. GOODWIN
United States District Judge